IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN JUAN DE LA CRUZ MARTINEZ, | ) |
| | ) No. 23-cv-2009 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| JUDGE TIMOTHY CREANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

Before the Court is a Motion to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) filed by Plaintiff in the above-captioned matter. This case represents one of thirteen cases filed by Plaintiff that are currently pending before the undersigned. This matter involves Plaintiff's criminal prosecution before Defendant Judge Timothy Creany in the Westmoreland County Court of Common Pleas for charges of intercepting communications in violation of 18 Pa.C.S. § 5703(1); disclosing intercepted communications in violation of 18 Pa.C.S. § 5703(2); and use of intercepted communications in violation of 18 Pa.C.S. § 5703(3). Plaintiff was found guilty of each of these third-degree felonies by a jury on July 12, 2023. This case is not the only suit that Plaintiff has filed against Judge Creany relating to Plaintiff's criminal case. *See* Docket Nos. 2:23-cv-1130; 2:23-cv-1407; and 2:23-cv-2086.

Plaintiff attempts to bring claims against Judge Creany pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241.[1] The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. For the

---

[1] To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241. *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951. These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)).

1

reasons that follow, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but will dismiss Plaintiff's Complaint with prejudice pursuant to 28 U.S.C. §1915(e) for failure to state a claim and because it is frivolous.

I.   **Background**

While the Court is required to liberally construe Plaintiff's pleadings, the Court notes, as it has in all of Plaintiff's cases, that Plaintiff's manner of pleading results in a complaint that is, respectfully, difficult to follow at times, if not unintelligible. That said, the Court outlines the relevant allegations in the Complaint as follows:

As noted, Judge Creany currently presides over a criminal case in which Plaintiff is the defendant. Plaintiff, as he has in his other actions, again takes issue with the rulings and decisions issued by Judge Creany in Plaintiff's criminal case. *See generally* ECF No. 1-1 "Statement of Case." More specifically, Plaintiff asserts that Judge Creany held a hearing on November 6, 2023 respecting a motion for a new trial and a motion asserting malicious prosecution filed by Plaintiff in his criminal matter. *Id.* at ¶¶ 1-3. Plaintiff asserts that, while hearing argument and reviewing evidence during the hearing, Judge Creany indicated agreement with, and was more favorable to, Assistant District Attorney Anthony Iannamorelli. *Id.* at ¶ 4. During that hearing, Judge Creany also declined to re-hear arguments Plaintiff had previously advanced during an August 9, 2022 hearing. *Id.* at ¶ 5.[2] Plaintiff again argues, as he has in other actions, that Judge Creany was "not fair" in Plaintiff's criminal case because Judge Creany failed to incorporate Plaintiff's suggested voir dire questions, jury instructions, and verdict slip language. *Id.* at ¶¶ 6-8. Plaintiff further argues that Judge Creany made incorrect rulings during the course of Plaintiff's trial. *Id.* Plaintiff asserts that Judge Creany maintains bias against Plaintiff, and that he believes Judge Creany will

---

[2] Plaintiff's paragraphs are misnumbered. In citing to the Complaint, the Court will number the paragraphs sequentially, as though Plaintiff had not misnumbered the paragraphs in the Complaint.

deny Plaintiff's motion seeking a new trial and his motion asserting malicious prosecution in an effort to violate Plaintiff's rights under the Constitution. *Id.* at ¶ 9-11.

Plaintiff, as he did in his action at 2:23-cv-1130, seeks injunctive relief requiring that Judge Creany recuse from Plaintiff's criminal case, a stay of that case, and the assignment of a new judge. ECF No. 6 "Prayers for Relief" at ¶ 1-7.

## II.     Legal Standard

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons[3] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

"[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at

---

[3] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. October 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa.1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000). Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that Congress meant the statute to read "person." The Court finds this reasoning to be persuasive. *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).

\*1 (E.D. Wis. Jan. 22, 2007)).[4] The United States District Court for the Middle District of Pennsylvania has aptly explained and summarized:

> The term "frivolous," as used in § 1915(e)(2), includes not only inarguable legal conclusions, but also fanciful factual allegations. [*Neitzke*, 490 U.S. at 325]. As such, courts are afforded authority to dismiss those claims whose factual contentions are clearly baseless. *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Within the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous. *See Barnes v. Mercer County Court House*, 2007 WL 16525335, \*6 (D.N.J.) (dismissing claim that food served to inmates at correctional facility was hazardous to human health); *Armstead v. Briggs*, 2004 WL 339647 (D.Del.) (dismissing claim requesting that the court set up an appointment for the plaintiff with President George W. Bush so that she could tell him that she had filed a lawsuit seeking his permanent appointment as the President of the United States); *Noble v. Becker*, 2004 WL 96744 (D.Del.) (claims that government officials and others had engaged in a vast conspiracy to violate his constitutional rights were delusional); *Williams v. Werster*, 1994 WL 313111 (E.D.Pa.) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic, or delusional); *Robinson v. Love*, 155 F.R.D. 535 (E.D.Pa.1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

*Pavalone v. Bush*, No. CIV.A. 3:11-1620, 2012 WL 1569614, at \*1 (M.D. Pa. Mar. 27, 2012), *report and recommendation adopted*, No. 3:11-CV-1620, 2012 WL 1569791 (M.D. Pa. May 3, 2012).

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege

---

[4] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949.  To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948.  The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).  "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would

be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This is also true where a plaintiff does not request leave to amend. *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

### III. Discussion

The Court has already ruled in Plaintiff's case at Docket No. 2:23-cv-1130 that Plaintiff cannot maintain an action against Judge Creany arising out of Judge Creany's rulings in Plaintiff's criminal case. The Court incorporates that discussion herein by reference. Plaintiff's Complaint in this matter presents more of the same, that is, unsupported assertions of a "conspiracy" and challenges to Judge Creany's rulings in Plaintiff's criminal action. In short, and as explained in

greater detail in the Court's Memorandum Opinion at Docket No. 2:23-cv-1130 entered contemporaneously herewith, *Younger* abstention applies, Plaintiff's claims are barred by *Heck v. Humphrey*, and Judge Creany is entitled to judicial immunity. Accordingly, Plaintiff also fails to state a claim against Judge Creany in this action.

Amendment as to any of Plaintiff's claims would be futile for the reasons stated herein. It also bears noting that Plaintiff has filed thirteen cases in this District, and has failed to state a claim in any of his actions. In certain of those actions, he was permitted to file amended complaints, and still failed to set forth allegations to support a single cause of action. As noted, this is Plaintiff's third complaint asserting claims based upon Plaintiff's criminal case before Judge Creany, and Plaintiff still has not come close to stating a cognizable claim. The same further suggests to this Court that permitting amendment would be futile, and Plaintiff's Complaint in this matter will thus be dismissed with prejudice

### IV. Conclusion

As discussed above, Plaintiff's Complaint is baseless and frivolous, and will be dismissed as such pursuant to Section 1915(e). An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

cc:   All counsel of record

Justin Juan De La Cruz Martinez
502 N 12th Ave
Albany, IL 61230